UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 24-CR- 90

ERIC E. LENZEN,

    Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Julie F. Stewart, Assistant United States Attorney, and the defendant, Eric E. Lenzen, individually and by attorneys Matthew McLaughlin and Kathleen Quinn, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in two counts of a two-count information, which alleges violations of Title 26, United States Code, Section 7203.

3. The defendant has read and fully understands the charges contained in the information. He fully understands the nature and elements of the crimes with which he has been charged, and the charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to waive prosecution by indictment in open court.

5. The defendant voluntarily agrees to plead guilty to the information set forth in full as follows:

## COUNT ONE

### THE UNITED STATES ATTORNEY CHARGES THAT:

1. On or about December 18, 2017, in the State and Eastern District of Wisconsin and elsewhere,

### ERIC E. LENZEN

was a resident of Mequon, Wisconsin, who had and received taxable income of approximately $1,162,786 in calendar year 2016, on which income tax was owing to the United States of America in the amount of $ 171,031.00.

2. LENZEN was required by law to pay, on or before April 15, 2017, that income tax to the Internal Revenue Service Center, at Kansas City, Missouri, to a person assigned to receive returns at the local office of the Internal Revenue Service, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue.

3. Well knowing all of the foregoing, LENZEN did willfully fail to pay the income tax due.

All in violation of Title 26, United States Code, Section 7203.

## COUNT TWO

### THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

4. On or about December 13, 2021, in the State and Eastern District of Wisconsin and elsewhere,

### ERIC E. LENZEN

was a resident of Mequon, Wisconsin, who had and received gross income of approximately

2

$2,242,818 in calendar year 2020, on which taxable income was owing to the United States of America in the amount of $868,499.

5. LENZEN was required by law to pay, on or before April 15, 2021, that income tax to the Internal Revenue Service Center, at Kansas City, Missouri, to a person assigned to receive returns at the local office of the Internal Revenue Service, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue.

6. Well knowing all of the foregoing, LENZEN did willfully fail to pay the income tax due.

All in violation of Title 26, United States Code, Section 7203.

6. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses described in paragraph 5. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

Between 2017 and 2022, Defendant was required by law to pay federal income taxes. For each calendar year between 2016 and 2021 (the "target years") Defendant filed federal tax returns. Defendant acknowledged, in those returns, that he was required to pay, and did owe, federal income taxes to the United States Internal Revenue Service (IRS). Despite knowing that he was required, by law, to pay federal taxes for each of the target years, Defendant knowingly, intentionally, and willfully failed to make the required payments to the IRS. For calendar year 2016, Defendant earned approximately $1,162,786. By April 15, 2017, Defendant was required to pay federal income taxes in the amount of $171,031.00. Despite knowing that he was required to pay the IRS $171,031.00 in federal income taxes, Defendant knowingly, intentionally, and willfully

3

failed to do so. For calendar year 2020, Defendant earned approximately $2,242,818. By April 15, 2021, Defendant was required, by law, to pay the IRS $868,499 for calendar year 2020. Despite knowing that he was required by law to pay the IRS $868,499 in federal income taxes for calendar year 2020, Defendant knowingly, intentionally, and willfully failed to pay that amount.

During the relevant time periods through the date of the signing of this agreement, the defendant's liabilities including taxes, accrued interest, and accrued penalties, have reached balances as high as approximately $3,900,000.00. Throughout the relevant time period, the Defendant knew that he was required, by law, to pay these amounts to the IRS, but knowingly, intentionally, and willfully failed to do so.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, these offenses.

## PENALTIES

7. The parties understand and agree that the offenses to which the defendant will enter a plea of guilty carry the following maximum terms of imprisonment and fines: One year imprisonment and a $25,000 fine. Each count also carries a mandatory special assessment of $25, and a maximum of one year of supervised release. The parties further recognize that a restitution order may be entered by the court. The parties' acknowledgments, understandings, and agreements with regard to restitution are set forth in paragraph 27 of this agreement.

8. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

4

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of willful failure to pay taxes as set forth in counts one and two, the government must prove each of the following propositions beyond a reasonable doubt:

> First, the defendant was required by law to pay a tax;
> Second, the defendant failed to pay the tax as required by law; and
> Third, the defendant acted willfully, that is, he knew that he was required by law to pay a tax and intentionally failed to do so.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offenses set forth in paragraph 5. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to

5

withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

## Base Offense Level

16. The parties agree to recommend to the sentencing court that the applicable base offense level for the offenses charged in counts one and two is 24 under Sentencing Guidelines Manual § 2T1.1(a)(1) and 2T4.1(J).

17. If the sentencing court determines that the defendant does not have any criminal history points, and otherwise meets all of the criteria listed in Sentencing Guidelines Manual § 4C1.1(a), then the government will agree to recommend to the sentencing court that a 2-level decrease is applicable pursuant to § 4C1.1(a) of the Sentencing Guidelines.

6

### Acceptance of Responsibility

18. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

21. The government agrees to recommend a sentence of no more than 8 months on each of count one and count two, to run consecutive to each other, for a total of no more than 16-months' imprisonment, which falls below the sentencing guideline range of 30 to 37 months' imprisonment as calculated above.

### Court's Determinations at Sentencing

22. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the

7

Case 2:24-cr-00090-WED    Filed 04/30/24    Page 7 of 14    Document 2

imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 7 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

24. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

25. If restitution is not fully paid at least 30 days prior to sentencing, the defendant agrees to provide to the Financial Litigation Program (FLP) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLP during any period of probation or supervised release imposed by the court (if restitution remains unpaid or a significant fine is ordered), a complete and sworn financial statement on a form provided by FLP and any documentation required by the form. The defendant further agrees, upon request of FLP whether made before or after sentencing, to promptly: cooperate in the identification of assets in

8

which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

### Special Assessment

26.  The defendant agrees to pay the special assessment in the amount of $50 prior to or at the time of sentencing.

### Restitution

27.  The defendant agrees to pay restitution in the amount of, at least, $3,914,705.63 to the Internal Revenue Service. The amount of this restitution was calculated after subtracting amounts that were levied by the IRS from the Defendant's employer. A yearly breakdown of the amount due and owing as of the date of this agreement is provided in the chart below.

| Tax Year | Tax | Interest | Penalty | Total |
|---|---|---|---|---|
| 2016 | 171,031.70 | 85,783.44 | 60,172.14 | 316,987.28 |
| 2017 | - | 141,072.74 | 60,045.83 | 201,118.57 |
| 2018 | 413,093.41 | 148,086.87 | 207,222.37 | 768,402.65 |
| 2019 | 745,680.00 | 156,092.62 | 201,056.00 | 1,102,828.62 |
| 2020 | 868,499.00 | 154,822.98 | 165,618.32 | 1,188,940.30 |
| 2021 | 265,737.00 | 35,362.46 | 35,328.75 | 336,428.21 |
|  | 2,464,041.11 | 721,221.11 | 729,443.41 | 3,914,705.63 |

The defendant understands that this amount will be updated to account for any interest/penalties that further accrue by the date of sentencing. The defendant understands that because restitution for the offenses is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant

9

understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

## DEFENDANT'S WAIVER OF RIGHTS

28. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

   e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

10

29. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

30. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

31. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction or sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statute or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statute or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the

11

sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

### Further Civil or Administrative Action

32. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### GENERAL MATTERS

33. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

34. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

35. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

### Further Action by Internal Revenue Service

36. Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax, interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charges alleged in the information.

37. The defendant agrees to transmit his original records, or copies thereof, to the Examination Division of the Internal Revenue Service so that the Examination Division of the Internal Revenue Service can complete its civil audit of the defendant. The defendant agrees to provide any additional books and records of his which may be helpful to the Examination Division of the Internal Revenue Service to complete its civil audit of defendant.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

38. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

39. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 3-19-24 /kmq

ERIC E. LENZEN
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 3.20.24

KATHLEEN QUINN
MATTHEW MCLAUGHLIN
Attorneys for Defendant

For the United States of America:

Date: 3/24/24

GREGORY J. HAANSTAD
United States Attorney

Date: 3/20/24

JULIE F. STEWART
Assistant United States Attorney

14